VANDERSMITH *vs.* WASHMEIN's Adm'r.—June, 1826.

After verdict in an action of *assumpsit,* by an administrator, a defective allegation in the declaration, of the promise to the administrator, and the death of the intestate, and an omission to make *profert* of the letters of administration, cannot be taken advantage of, though they might have furnished good causes of demurrer.

W, being taken sick at the house of V, deposited in his hands an amount of money, and directed V to send for a physician, to furnish him with every thing that was necessary, and to apply the money to the payment of the physician's bill, and of any expenses which might be incurred on his account during his sickness. V did send for a physician, and furnished W with every necessary and attendance during his sickness, which in a few days ended fatally. On his death V paid for all the expenses, including the physician's bill. In an action of *assumpsit* brought against him by W's administrator, to recover the amount of the deposit. *Held,* that V was to be allowed for the amount paid the physician, if it was such as he was entitled to receive, as well as the other expenses. That the fund placed in his hands by W, was to be considered as a special fund, and that in relation to it he was to be looked upon as a trustee, or agent, of the physician, for whose remuneration it was in part created; but that it would have been otherwise if V had received the deposit for safe-keeping only.

APPEAL from *Baltimore* County Court. Action of *Assumpsit* for money paid, laid out and expended; had and received; lent and advanced; and on an *insimul computassent.* *Non assumpsit* pleaded, and issue joined. At the trial the plaintiff, (now appellee,) offered evidence, that the deceased, upon getting to the house of the defendant, (the appellant,) was taken ill, and there delivered to the defendant the sum $149 50, to be taken care of for him, the deceased. The defendant then offered evidence, by *Peter Vandersmith,* Dr. *Marsh,* and *Benjamin Richardson,* that the deceased arrived at the house of the defendant, and was taken very ill; that in about two or three hours afterwards, he told the defendant that he wished him to send for a physician, and to furnish him with every thing that was necessary, and to apply the cash delivered to him, the defendant, in payment of the physician's bill, and to the discharge of any expenses that might be incurred. That the defendant accordingly sent for a physician, and also went afterwards personally for him. That the physician attended the deceased during his illness, which lasted from Thursday until Saturday, when he died. That during the whole time, he was

furnished with every necessary and attendance. That the defendant immediately after paid the physician's bill, amounting to $50, together with all funeral expenses, and other expenses attending the illness of the deceased, or in consequence of his death, and kept his horses, wagon, and other property, until about eleven days afterwards, when they were delivered to the present plaintiff. That the expenses so incurred, and which were reasonable, were paid between the 31st of August, on which day the intestate died, and the 5th of September 1822, and that administration was obtained on the 17th of June 1823. The plaintiff then prayed the court to direct the jury, that upon the evidence so offered he was entitled to recover the amount of his claim. Which opinion the Court, [*Hanson* and *Ward*, A. J. *(a)*] refused to give; but directed the jury, that the plaintiff was entitled to recover the amount of the money so deposited, after deducting therefrom such sum as they should think a reasonable compensation to the defendant for his attendance and care, and board of the deceased, and the feed of the horses, during the time of the illness of the deceased, and his funeral expenses, but not the physician's bill, or any other expenses. *The defendant excepted; and the verdict and judgment being against him, he appealed to this court.*

The cause was argued before BUCHANAN, Ch. J. and EARLE, STEPHEN, and DORSEY, J.

*R. B. Magruder,* for the Appellant, contended—1. That the physician's bill was not a mere *honorarium,* but was recoverable, and therefore ought to have been allowed to be set off by the defendant below.

2. That the money put in the hands of the defendant below, by the appellee's intestate, was a special deposit for the use of the physician. 1 *Com. on Cont.* 49, 56. 2 *Com. on Cont.* 7, 26. *Temple vs. Welds,* 10 *Mod.* 315. *Dowson vs. Scriven,* 1 *H. Blk.* 218.

3. That the declaration was defective in not setting out properly the promise to the administrator, nor the death of the intestate, and in not making *profert* of the letters of administration.

*(a) Archer,* Ch. J. dissented.

*Meredith,* for the Appellee.  To show that it was too late to take advantage of the alleged defect in the declaration, he cited 1 *Chitty's Plead.* 401.  He also contended, that the deceased constituted the appellant his agent, but that agency was revoked by his death; and the appellant had, consequently, no right to pay the physician's bill after the death.  There is no settled law that a physician's bill for advice is to be paid.  The promise in the declaration is laid to the intestate.

BUCHANAN, Ch. J. delivered the opinion of the Court. The objections attempted to be taken to the declaration, that the promise to the administrator, and death of the intestate, are defectively set out, and that there is no profert of the letters of administration, though they might have furnished good causes of demurrer, come too late now, after verdict, and the case must be decided on the bill of exceptions taken at the trial.  On which the only question raised is, whether the appellant was entitled to retain any thing on account of the physician's bill?

If the money, which was placed by the intestate, *Frederick Washmein,* in the hands of the appellant, was deposited with him for safe keeping only, and for no other purpose, he then would have had no right to pay any part of it over in discharge of the physician's bill.  But the evidence is, that the deceased directed the appellant to send for a physician, to furnish him with every thing that was necessary, and to apply the money placed in his hands to the payment of the physician's bill, and in discharge of any expenses that might be incurred.  Now, if the meaning of the deceased was, that in the event of his death, the appellant should pay the attending physician out of the money so placed in his hands, and that formed one of the purposes for which it was lodged with him, (which would seem to have been the case, for it is difficult to suppose, that he intended, in the event of his recovery, that the appellant should be his paymaster,) then it was a special fund, only to be brought into action after the death of the intestate; and the appellant may be considered in the light of a trustee, or agent, of the physician, for whose remuneration the fund was in part created, and was warranted in paying his bill, if indeed the

*amount* was such as he was entitled to receive. We think, therefore, that the court below erred in directing the jury, that the appellant was entitled to no deduction from the amount claimed in the action, on account of the physician's bill.

JUDGMENT REVERSED.