* Robinson, J.,
delivered the opinion of the court.
The general principle, upon which an arrest of judgment proceeds, is, that the facts averred by the plaintiff, and found to be true by the jury, do not constitute a sufficient cause of action. And the criterion, by which to distinguish between such defects in a declaration as are, and such as are not cured by a general verdict for the plaintiff, is laid down by Lord Mansfield, in Rushton v. Aspinall, Doug. 679, to the following effect,: Where the statement of the plaintiff’s cause of action, and that only is defective or inaccurate, the defect is cured by the verdict, because, “ to entitle him to recover, all circumstances necessary in form or substance to complete the title, so imperfectly stated, must be proved at the trial.” But where no cause of action is stated, the omission is not cured by verdict. Gould’s PL 497.
That the declaration in this case sets out a sufficient right of action, and that this right is in no wise impaired by the production of the bond in the oyer; are questions which cannot admit of a doubt. Whether the bond was payable on demand, according to the legal intendment of the averment in the plaintiff’s declaration, or three years after date, as appears in the oyer, it was nevertheless due, and the right of action had accrued when this suit was instituted. The variance could not operate to the prejudice of the defendant, because the bond exhibited in the oyer, being part of the plaintiff’s declaration, and also a matter *75 of record, (Birckhead v. Saunders, 2 H. & G. 82,) the defendant was not only apprised of the plaintiff’s demand, but the record wo'uld have furnished a complete defense to a second suit instituted on the same bond. A defective allegation .in the declaration, which might have furnished good cause of demurrer, cannot be taken advantage of after verdict. Merrick v. Bank of Metropolis, 8 Gill, 64; Vandersmith v. Washmein, 1 H. & G. 4.
In Balto. Cemetery Co. v. First Ind. Church, 13 Md. 117, relied upon by the appellant, the variance was fatal, because, by the instrument *set out in the oyer, it appeared that the obligation was to pay to the “ Trustees,” and not to the plaintiffs. The record, after judgment, disclosed that the plaintiffs had no cause of action. It was not, therefore, a case in which .the right of action was defectively or inaccurately stated, and consequently cured by the verdict, but where the cause of action was defective in itself.
The second reason assigned in arrest of judgment, because the name of the plaintiffs, as set out in the declaration, varies from the name of the payees in the bond, is equally untenable. The plaintiffs are described as the trustees of the Western Theological Seminary of the Presbyterian Church of the United States of America, at Allegheny City, in the State of Pennsylvania. The only variance between the bond and the declaration is, that in the former, the words in “ the State of Pennsylvania,” are added, being descriptive of the locality. But in each, the proper corporate name is set out.
The third reason assigned is, because the verdict does not cover the issues. The pleas were payment and the statute of limitations. The verdict being, “ that the defendant is indebted to the said plaintiff in the sum of $189.35,” we think it is sufficiently responsive to the issues. If the demand had been paid, or if'it were barred by the statute of limitations, the defendant could not have been indebted as found by the verdict.
For these reasons we affirm the judgment below.

Judgment affirmed.