53 259
78 353
53 259
121 209

VAN SICKLES v. TOWN ET AL.

1. **Mortgage:** HOMESTEAD: MISTAKE. The fact that a mortgage upon the homestead was signed by the wife of the mortgagor in ignorance that the homestead was included therein will not render the mortgage invalid, in the absence of fraud on the part of the mortgagee.

2. ——: ——: DESCRIPTION. It is not necessary that a mortgage upon a homestead should describe the property as such.

3. **Practice:** ORIGINAL NOTICE. It is not essential to the validity of an original notice in an action to foreclose a mortgage that it should contain a description of the mortgaged property.

*Appeal from Hardin Circuit Court.*

WEDNESDAY, APRIL 7.

ACTION in chancery to set aside a decree of foreclosure of a mortgage, and the mortgage itself. The Circuit Court sustained a demurrer to the petition. Plaintiff appeals.

*E. W. Eastman,* for appellant.

*Porter & Moir,* for appellees.

BECK, J.—I. The petition alleges that plaintiff, who is a married woman, joined with her husband in the execution of a mortgage, and that the instrument covered her homestead, which was not known to her when it was executed. She alleges that she was induced to sign the instrument by representations that her husband was acquiring the title of certain lands from her father in order to secure the first named on account of liability as her father's surety, and that the mortgage was made to secure the creditors of her father and husband, and that she was informed that she was to relinquish her dower interest to the land conveyed to her husband. She does not allege that any false representations were made to her as to the force and effect of the deed or its contents, and does not intimate that the mortgagee or any

<span style="margin-note">1. MORTGAGE: homestead: mistake.</span>

one in his interest made any representations to her. Certain it is that she charges no fraud against them. The substance of her petition on this point is that she signed the deed without knowing its contents. Surely, in the absence of fraud on the part of the mortgagee, she cannot defeat the instrument. Ignorance of the mortgagor will not render the conveyance inoperative against a good faith holder. It would, indeed, be a very unsafe rule to permit a married woman to set aside such instruments on the ground that they did not know their contents. While the law will protect them against fraud, it will not aid them against the consequence of their ignorance and their heedless acts.

It is next insisted that the mortgage does not bind the property for the reason that it does not specifically describe it

2. ——: ——: description. as the homestead. It has been held for a long time by this court that such description is not necessary. *Babcock et ux. v. Hoey*, 11 Iowa, 375; *Thompson, Executor, v. Box*, 11 Iowa, 505; *O'Brien v. Young*, 15 Iowa, 5. The rule has been followed in subsequent decisions.

III. The plaintiff assails the judgment of foreclosure on the ground that the notice served upon her did not describe

3. PRACTICE: original notice. the land claimed to be her homestead. For that reason she did not appear and defend the case. But the law does not require that the notice should describe the land. It is not claimed that any fraudulent or false representations were made to her. She simply claims protection on account of her ignorance of the contents of the mortgage.

But it will not do to set aside deeds and judgments upon the simple claim of ignorance of their contents and ignorance of rights thereunder. There would be no safety if these most solemn transactions which all men regard as being of the most binding and effective character are to be questioned upon the claim that the parties thereto were ignorant of the subject matter affected thereby. While these rules of the law may sometimes operate harshly, their abrogation would work untold mischief.      AFFIRMED.