## Fanning v. Krapfl.

61  417
121  94
e121  95
121  211
61  417
136  576
61  417
137  9

1. **Original Notice:** SERVICE BY PUBLICATION: DEFENDANT'S INITIALS TRANSPOSED: NO JURISDICTION. Where in an action to foreclose a mechanic's lien the defendant's name was T. Phelia Boyd Hopkins, and the service of the notice was by publication, and the published notice was addressed to P. T. B. Hopkins, without passing upon the validity of such a notice, where the initials only are given instead of the Christian name, *held* that the transposition of the initials of the Christian name of defendant made the notice of no effect as to her, that the notice gave the court no jurisdiction to render a decree against her, and that, as against her, the purchaser at the foreclosure sale took no title.

2. ———: ———: ———: FACTS NOT CURATIVE OF ERROR. Where in such case it appeared that the defendant was further described in the published notice as the wife of John C. Hopkins, and in a subsequent action to remove the cloud caused by the sheriff's deed made pursuant to such notice, the plaintiff attached to his petition, as an exhibit, a deed to him from said defendant and John C. Hopkins, *her husband, held* that this was not an averment by plaintiff that John C. Hopkins was the husband of said defendant; much less was it an admission that said defendant was the wife of John C. Hopkins at the time the notice was published; and that such exhibit did not, as against the party making it, cure the defect in said original notice.

### *Appeal from Dubuque Circuit Court.*

### SATURDAY, JUNE 16.

ACTION to remove a cloud from the plaintiff's alleged title to certain real estate in Dubuque county. The petition avers, in substance, that in October, 1872, one William H. Hue de Bourck was the owner of the land in question, and, being such owner, he conveyed the same to W. R. I. Hopkins; that the conveyance was made to him by a deed, in which it was provided that the conveyance was made "in trust for the use and benefit of T. Phelia Boyd Hopkins, the daughter of the grantor, and her children exclusively, hereby expressly restricting from the effect and operation of the sale and conveyance all right and power on the part of said daughter and her children to sell, convey and alienate in any form, their said life estate in the premises aforesaid, without the consent of,

the trustee herein before named, and then only for the purpose of reinvesting the same by said trustee;" that afterwards, in September, 1879, the said W. R. I. Hopkins, by way of reinvestment and exchange of lands, sold and conveyed the land in question to the plaintiff; that the defendant, Krapfl, claims to hold the premises by virtue of a paramount title, to-wit, by a sheriff's deed, executed in pursuance of an execution sale made in May, 1879; that the sale was made in pursuance of a decree of foreclosure of an alleged mechanic's lien for lumber furnished for the improvement of the premises by contract with the said T. Phelia Boyd Hopkins; that while the decree and sheriff's deed were regular upon their face, they were insufficient in fact to bind the property, because the court failed to acquire jurisdiction, by reason of a want of notice to the said T. Phelia Boyd Hopkins; that the only notice served was by publication, and was insufficient, because not addressed to the said T. Phelia Boyd Hopkins; that the notice served was addressed as follows: "To John C. Hopkins, P. T. B. Hopkins, his wife, W. R. I. Hopkins, trustee, and George M. Staples." He asks, therefore, that the sheriff's deed be declared void, and the cloud cast by it upon his title be removed. The defendant demurred to the petition, and the court sustained the demurrer. The plaintiff electing to stand upon his petition, the court rendered judgment against him for costs. He appeals.

*McCeney & O'Donnell*, for appellant.

*Utt Bros.* and *M. H. Beach*, for appellee,

ADAMS, J.—Where in an action for the foreclosure of a mechanic's lien notice is given by publication, and the name

1. ORIGINAL notice: service by publication: initials transposed: no jurisdiction.

published as the name of the defendant differs substantially from his true name, the notice would not, we think, be sufficient to give the court jurisdiction. Whether the notice is sufficient which omits the Christian name or names, and contains

only the initial letter or letters, we need not determine. The practice of omitting the Christian name or names in a published notice is certainly subject to grave objections, and by no means to be commended. But, for the purpose of this opinion, it may be conceded that it is sufficient to publish, merely the initial letter or letters of the Christian name or names. We have still to determine whether, in case of two or more initial letters, it is material in what order they are published. The name of the defendant was published as P. T. B. Hopkins. The true order of the initials of her Christian name was T. P. B. Hopkins.

In considering the question, we must not be misled by the singularity of the name. If a notice to A. B. Smith would not be sufficient if published as to B. A. Smith, then we think that the notice in this case is not sufficient. The question before us concerns the title to real estate, and it would not be possible to base any safe rule upon the distinction between names that are peculiar and those that are not peculiar. Notice by publication, even where there is no misnomer, does not afford a very strong natural presumption that the fact of the pendency of the action will be brought to the defendant's actual knowledge. Notice by this mode is allowable only out of necessity. It must often happen that great injustice is done and great hardship suffered. We are not disposed to open the door any wider than necessity requires. Whoever undertakes to give notice by publication, and misnames the defendant, is without excuse. It requires very little care to publish the defendant's name correctly. We are evidently justified in holding the plaintiff who gives notice by publication to a considerable degree of strictness. If we were to adopt the rule contended for by the appellee, that not only can the Christian names be entirely omitted, but the initial letters of the Christian names *transposed*, this might become the favorite mode of giving notice by publication. It appears to us that we should open the door to mischief of which no one could see the end. It is proper to ob-

serve that a published notice is not necessarily sufficient, if it is such that the defendant upon actually seeing it would probably conclude that it was intended for him. The office of the notice is in part to give the pendency of the action notoriety. It should be such that others than the defendant, seeing it, and knowing the defendant, or knowing of him, would not probably be misled by it as to the person for whom it was intended.

The appellee relies upon *Buchanan v. Roy's Lessee*, 2 Ohio St., 251. The defendant, Sarah Roy, was brought in by publication. The notice to her was published as to Sarah Ray. The court held that it was sufficient to give jurisdiction. The court went very far. But the decision was made to turn, not upon the identity of the names Roy and Ray, but upon the fact that the defendant was otherwise sufficiently described. They said: "She is described as a widow, as the sole daughter and heir of William Trimble, deceased, a brother of said Timothy Trimble, and as a resident of the state of New Jersey, all of which particulars were correctly descriptive of Sarah Roy, the plaintiff's lessor." The case, it will be seen, was peculiar. The decision was not one upon which, as in the case at bar, a general rule could be based of manifestly mischievous application. The case affords, we think, no real ground for adopting the rule contended for by the appellee.

We ought, perhaps, in this connection, to say that the plaintiff calls our attention to the fact that the misnamed defendant is described as the wife of John C. Hopkins. But the petition does not state that she was his wife, and the question before us arises solely upon the defendant's demurrer to the plaintiff's petition. We cannot assume that she had a husband, and that his correct name was John C. Hopkins. In the case above cited, the court found that the particulars introduced into the notice were correctly descriptive of Sarah Roy, the plaintiff's lessor.

The appellant contends that the defendant, T. Phelia Boyd Hopkins, never had any interest in the property upon which

a mechanic's lien could attach. . Under the view which we have taken of the case, it is unnecessary to determine this question. We think that the petition showed that the decree of foreclosure of the mechanic's lien was void for want of jurisdiction, and that the demurrer should have been over-ruled.

REVERSED.

### SUPPLEMENTAL OPINION.

As to whether the published notice could have been deemed sufficient to give the court jurisdiction, if it had appeared as a fact from the petition demurred to that she was the wife of John C. Hopkins, we did not determine. We could not find the fact, and that of course ended our inquiry.

We are now asked to reconsider this question of fact. In a petition for rehearing it is insisted by the appellee, as in his original argument, that a statement by the appellant that the published notice described T. P. B. Hopkins, as the wife of John C. Hopkins, was equivalent to a statement by the appellant that she was in fact the wife of John C. Hopkins. We said upon this point in our original opinion all that we desire to say.

But an additional point is made by the appellee. Our attention is called for the first time to an exhibit attached to the appellant's petition, to-wit, a copy of his deed from W. R. I. Hopkins, from whom he derived title. This exhibit is referred to in the petition, and made part of it. In it T. P. B. Hopkins is not only described by her true name, Trianda Phelia Boyd Hopkins, but she is described further as "wife of John Castell Hopkins." The appellee insists that the setting out of this exhibit is equivalent to an admission by the appellant that T. P. B. Hopkins was in fact the wife of John C. Hopkins. But in our opinion this position cannot be sustained. The petition contains no admission in form. It contains nothing but averments. We have the question, then, as to whether there is

2. ——: ——:
——: facts
not curative
of error.

any averment that T. P. B. Hopkins was the wife of John C. Hopkins. To determine this we have only to inquire whether, upon the supposition that the fact was material to the plaintiff's recovery, the petition could be deemed sufficient.. The learned counsel for the appellee would not contend that it could. In an action upon a guaranty of a promissory note, it would not be sufficient for the plaintiff to aver that he is the owner and holder of the note and set out a copy of it, including the guaranty. We think, then, that the petition cannot be said to contain an averment that T. B. P. Hopkins was the wife of John C. Hopkins.

But suppose the setting out of the exhibit containing this immaterial recital could be deemed an averment of the truth of the recital, would it be sufficient? We think not. The averment would be that T. P. B. Hopkins was, at the time of the execution of the deed, the wife of John C. Hopkins. That would not be an averment that she was such at the time the notice was published. We are not dealing with rules of evidence, but with a question of pleading. We are inquiring whether the petition contains an averment, or what is in effect such, under the rules of pleading, that T. P. B. Hopkins was the wife of John C. Hopkins at the time the notice was published. We conclude that it does not. The appellant, then, not having pleaded it, the appellee cannot rely upon it as a fact to aid him on his demurrer.. We think that the petition for a rehearing must be overruled.