FANNING v. KRAPFL.

1. **Original Notice:** SERVICE BY PUBLICATION: THE INITIALS OF DEFENDANT'S NAME TRANSPOSED: OTHER DESIGNATION OF DEFENDANT: AVERMENTS OF PETITION TO AID. In an original notice served by publication the initial letters of defendant's name were transposed, but she was also designated in the notice as the wife of J. C. H., and it was held in a former appeal in this action (to set aside a sheriff's deed based upon such notice) that the notice did not give the court jurisdiction of the defendant. See 61 Iowa, 417. After the cause was remanded the defendant in this action amended his answer, setting up that the defendant thus served was in fact the wife of J. C. H. when said notice was published, and when the judgment was rendered, and that she was better known in the county where the action was pending as the wife of J. C. H. than by her Christian name, or by the initials of

that name. *Held* that the notice as published, conceding the truth of such averments, was sufficient to give the court jurisdiction of said defendant, and that it was error for the court to strike out the averments as immaterial.

2. **Judgment**: JURISDICTION: NOTICE BY PUBLICATION: COLLATERAL ATTACK. Where the court rendered judgment on a notice by publication, it must necessarily have determined that the service and proof of service were sufficient, and the sufficiency thereof cannot be assailed in a collateral proceeding to set aside a sheriff's deed made pursuant to the judgment so rendered.

*Appeal from Dubuque District Court.*

MONDAY, DECEMBER 21.

THIS is an action in equity to set aside a sheriff's deed to certain real estate, and to quiet the title thereto in plaintiff. The district court entered judgment for plaintiff, granting the relief demanded in the petition. Defendant appeals. For former opinion see 61 Iowa, 417.

*Utt Bros.* and *M. H. Beach*, for appellant.

*McCeney & O'Donnell*, for appellee.

REED, J.—I. It is alleged in the petition that the real estate in controversy was conveyed to W. R. I. Hopkins in

1. ORIGINAL notice: service by publication: the initials of defendant's name transposed: other designation of defendant: averments of petition to aid.

trust for T. Phelia Boyd Hopkins and her children, and that plaintiff acquired title thereto by a conveyance from said trustee. It is also alleged that while the title was in said trustee the defendant procured the premises to be sold on a special execution issued on a judgment rendered in the circuit court of Dubuque county in favor of defendant and against John C. Hopkins for $393.98, and for the foreclosure of a mechanic's lien, and that he became the purchaser thereof, and that a deed was executed to him by the sheriff under said sale. But it is alleged that said judgment was void for the reason that the court did not have jurisdiction of said T. Phelia Boyd Hopkins. It is shown

that said judgment was rendered on a service of the original
notice by publication.   A copy of said notice is set out in
the petition, and it appears therefrom that the notice was
directed to John C. Hopkins, P. T. B. Hopkins, his wife, and
W. R. I. Hopkins, trustee.   It is also shown that the par-
ties were described in the same manner in the petition.   The
cause has once before been in this court.   See 61 Iowa, 417.
That appeal was from an order of the district court sustain-
ing a demurrer to the petition, and this court held that the
service by publication of an original notice directed to P. T.
B. Hopkins, wife of John C. Hopkins, did not give the court
jurisdiction of T. Phelia Boyd Hopkins or T. P. B. Hop-
kins.   It was also held that, as there was no express aver-
ment in the petition that T. P. B. Hopkins was in fact the
wife of John C. Hopkins when the judgment was rendered,
the case was not aided by the recital in the notice describing
P. T. B. Hopkins as the wife of John C. Hopkins.   When
the cause was remanded to the district court, the defendant
filed an answer in which it was alleged that T. P. B. Hop-
kins was in fact the wife of John C. Hopkins when said
notice was published, and when the judgment was rendered,
and that she was better known in Dubuque county as the
wife of John C. Hopkins than by her Christian name, or by
the initial letters of that name.   But the district court
struck this averment out of the answer on motion, thus hold-
ing, in effect, that the publication of the notice to P. T. B.
Hopkins, wife of John C. Hopkins, did not, conceding the
truth of these allegations, give the court jurisdiction of T.
P. B. Hopkins.

It is said in the former opinion " that a published notice
is not necessarily sufficient if it is such that the defendant,
upon actually seeing it, would probably conclude that it was
intended for him.   The office of the notice is in part to give
the pendency of the action notoriety.   It should be such
that others than the defendant, seeing it, and knowing the
defendant, or knowing of him, would not probably be misled

by it as to the person for whom it was intended." This, it seems to us, lays down the correct rule on the subject. The notice should describe the party to whom it is directed with such certainty as that neither he, nor other persons acquainted with or knowing him, could reasonably be misled by it as to the person for whom it was intended; and it seems to us that, conceding the truth of the allegations stricken from the answer, the notice in question was sufficient to give the court jurisdiction of T. P. B. Hopkins. If the notice had come to her attention, she would have learned from it that it was intended for the wife of John C. Hopkins, which was the name of her own husband, and that it related to an interest of which W. R. I. Hopkins, who held the property now in question in trust for her, was trustee. She could hardly have failed to learn from it that she was the identical person for whom it was intended, and she could not reasonably have been misled by the transposition of the initial letters of the Christian name which occurred in it. If the same notice had been served personally upon her, there could be no question, we think, but that the court would have acquired jurisdiction of her by the service; and any notice which would give jurisdiction if personally served upon the party is good when served by publication, if that publicity of the pendency of the action which the law intends is thereby given. That is, a description in the notice of the person intended, which would be sufficient if the service was personal, is also sufficient when the service is by publication, if those who know the person intended would naturally recognize him by that description. Publicity is required to be given to the pendency of the action in the county where it is brought, for the notice is required to be published in that county, if a newspaper is there published in which the publication can be made. If it be true, then, as was alleged, that Mrs. Hopkins was better known in Dubuque county as the wife of John C. Hopkins than by her Christian name, or by the initial letters of that name, a notice describing her simply as the wife

Fanning v. Krapfl.

of John C. Hopkins, published in that county, would give greater publicity to the pendency of the action than one correctly describing her by her Christian name, or by the initial letters of that name; and those who thus knew her would not be misled by the transposition of the initial letters which occurred in the published notice. It seems to us, therefore, that the publication of the notice accomplished every purpose which the law intends to accomplish by the service of a notice in that manner. The allegations which are stricken out of the answer bring the case within the principal of *Buchanan v. Roy's Lessee*, 2 Ohio St., 251, cited in the former opinion.

II. It is alleged in the petition that said judgment is void for the further reason that the court rendering it did

2. JUDGMENT: jurisdiction; notice by publication: collateral attack.

not have any competent evidence of the publication of the original notice. It is shown that the only proof of the service of the notice which was before the court was the following affidavit: " I, F. II. Carberry, for the Dubuque Times Co., proprietors, published daily and weekly in the city of Dubuque, state of Iowa, do solemnly swear that the advertisment, a copy of which is hereto annexed, was published in said paper one time each week for four consecutive weeks, and that the date of the first insertion was January 23, 1879." The objection to this proof of service is that it is not shown by the affidavit that it was made by the publisher of the newspaper, or his foreman, who are the only persons competent under the statute (Code, § 2620) to make it. The defendant alleges in his answer that said Carberry was in fact an officer of a corporation which was the publisher of the Dubuque *Times*, the newspaper in which the original notice was published. This averment was also stricken out of the answer. If this ruling had been based on the grounds that the matter of the averment was redundant, it could well have been sustained; but we suppose the averment was stricken out on the theory that the affidavit was defective, and that the matters omitted

could not now be shown by evidence *aliunde*. But we do not think it important to inquire as to the ground of the ruling. It is sufficient to say that the judgment cannot now be set aside on the ground of the supposed insufficiency of said affidavit. The circuit court necessarily determined that it was sufficient, and in doing so it was acting within its proper jurisdiction. Under the well-settled rule in this state, the correctness of its holding cannot be questioned in a collateral proceeding. *Cooper v. Sunderland*, 3 Iowa, 114; *Morrow v. Weed*, 4 Id., 77; *Shawhan v. Loffer*, 24 Id., 217; *Shea v. Quintin*, 30 Id., 58; *Lees v. Wetmore*, 58 Id., 170.

The judgment will be reversed and the cause will be remanded to the district court, with directions to set aside the order striking out the averments of the answer, and to permit the parties to introduce their evidence under said averments.

REVERSED.