J. B. FLEMING et al., Appellants, v. A. L. HAGER, Appellee.

Default: MORTGAGE FORECLOSURE: ORIGINAL NOTICE: DESCRIPTION
1 OF LAND AND MORTGAGE. In an action to foreclose a real estate mortgage it is not necessary that the original notice describe the land or refer to the book and page where the mortgage is recorded. It is sufficient if in general terms it apprises defendant of the nature of the action.

Original Notice:   ERROR IN IMMATERIAL STATEMENTS;   PREJUDICE:
2   SERVICE.  Inaccuracy in the statement of immaterial facts in
an original notice respecting the nature of the action will not
avoid the notice unless defendant is misled thereby and as a
consequence fails to appear and defend, and this is true
whether service is personal or by publication.

Original Notice:   SUFFICIENCY:   PPEJUDICIAL RECITALS.   In an
3   action to foreclose a real estate mortgage the recitals of the
original notice are held sufficient to apprise defendant in gen-
eral terms of the cause of action and that errors in the notice
regarding the description of the land and record of the mort-
gage, which it was not necessary to insert, could not have
prejudiced the defendants.

*Appeal from Adair District Court.*—HON. J. D. GAMBLE,
Judge.

SATURDAY, OCTOBER 10, 1903.

ACTION in equity to set aside a default decree.  There
was a demurrer to the petition, which was sustained.  The
facts appearing from the petition are that on and prior to
December 7, 1886, Hannah Fleming was the owner of the
south half of the southwest quarter of section 33, town-
ship 76, range 30, Adair county.  On the date mentioned
she executed and delivered to the Sullivan Savings Insti-
tution, of New Hampshire, a mortgage on said lands to
secure the payment of one note for $1,000, due in five
years, with interest at eight per cent.  Said mortgage was
duly filed for record in the office of the recorder of Adair
county, and recorded in Book 45, page 458.  Thereafter,
and in November, 1888, said Hannah Fleming sold and
conveyed said lands to Sarah E. Fleming.  In the deed it
is recited that the lands are "free and clear of all liens
and incumbrances whatsoever, except a mortgage of
$1,000."  Sarah E. Fleming died intestate in January,.
1890, leaving surviving her J. B. Fleming, her husband,
and Gertie, John, and Bertha Fleming, minor children of
herself and her said husband.  J. B. Fleming was appointed

administrator of her estate and guardian of said minor heirs.    In October, 1894, said mortgage indebtedness not having been paid, foreclosure proceedngs were commenced in the Adair district court.    In that action J. B. Fleming, Gertie, John, and Bertha Fleming, and J. B. Fleming administrator, and J. B. Fleming guardian, are made parties defendant.    In the foreclosure petition which is set forth at length in the petition in the present action it is alleged simply that whatever interest said defendants or any of them have in said lands the same is inferior to the lien of said mortgage and it is the prayer that their equity of redemption be cut off.    In a paragraph of said petition it is also alleged that in 1892 the defendant J. B. Fleming in writing agreed to pay the interest on said mortgage indebtedness in consideration of an extension of time of payment.    From the copy of such writing, which is set forth, it appears to have been the agreement that a failure to make payment of interest should result in the right to proceed to foreclose the mortgage for the full amount of the debt, interest, etc.    A failure to pay interest is then alleged, and judgment is demanded for $1,000, interest, and costs.    Service of notice of said action was sought to be made by publication.    The notice as published is set forth, and it appears addressed to J. B. Fleming, said minors, naming them, J. B. Fleming as administrator and as guardian.    The notice is in the usual form, the statement made in the body thereof being as follows: "Asking judgment against you for the sum of $1,000 and interest, and the foreclosure of a mortgage recorded in the office of the recorder of Adair county, Iowa, in Book 45 at page 58, on the south half of the southwest quarter of section 33, township 76, range 36, in said county."    No appearance was made to said action, and there was a default as against J. B. Fleming personally and as administrator and guardian.    A guardian *ad litem* was appointed for said minors, and an answer filed.    No personal judgment was rendered, but foreclosure with special execution was

ordered as prayed. It is further made to appear that execution sale was had, followed by a sheriff's deed of date February 19, 1896, to the defendant in this action; that this defendant has ever since been in possession of the lands thereunder, has paid the taxes thereon, etc. This action is brought by said J. B. Fleming for himself and as guardian and administrator, and by said minor heirs, the petition being filed in May, 1901, to have said decree and the sheriff's deed set aside and canceled, and that they may be allowed to pay off said mortgage debt after deducting therefrom the value of the accrued rents and profits. The ruling on the demurrer to the petition having been made, plaintiffs elected to stand on their petition, and refused to plead over. Judgment was thereupon rendered dismissing the petition, and for costs. Plaintiffs appeal.
—*Affirmed.*

*Geo. D. Musmaker* and *D. W. Church* for appellants.

*J. N. Haddock* and *Hinkson & Brown* for appellee.

BISHOP, C. J.—Appellants have assigned errors predicated upon the ruling on the demurrer. In argument it is their sole contention that the decree rendered must be held void, and should be set aside, for that there was no notice of the action as by law required. The criticism of the notice published as alleged is addressed to the fact that the page of the record is given as 58, instead of 458, and in the description of the lands the range is given as 36, instead of 30. It is conceded that range 36 of townships does not extend through Adair county, but through the adjoining county of Cass on the west. Section 2599 of the Code of 1873, in force at the time, provided that the original notice by which an action is to be commenced must state "in general terms the cause or causes thereof," etc. What is meant by the language employed by the statute is that the defendant shall be advised with reason-

able certainty of the nature of the claim made against him

1. ORIGINAL
notice: de-
scription of
land and
mortgage.

by plaintiff. *Harkins v. Edwards,* 1 Iowa, 296; *Jordan v. Woodin,* 93 Iowa, 453. In an action to foreclose a mortgage it is not necessary to describe the land covered by the mortgage. *Van Sickles v. Town,* 53 Iowa, 259; *Lindsey v. DeLano,* 78 Iowa, 350. Nor is there any reason, in our view, for making reference to the book and page where the record of the mortgage may be found. It will be observed that the notice here in question states in general terms that the action is for the foreclosure of a mortgage, and counsel for appellants concede, in effect, that the notice would have been sufficient had all reference to the record of the mortgage and the description of the land been omitted. We have then a notice which complies with the statute as to form and substance, and is therefore sufficient to confer jurisdiction upon the court, unless it shall be said that by reason of errors appearing in the statement of nonessential facts, the notice lost all force, and gave the court no authority to proceed to enter default or render a decree. Manifestly, it is not a case of no notice that we are called upon to consider. It cannot be said there is no notice unless a notice has not in fact been served, or, if one has been served, that the same does not comply with the essential requirements of the statute as to form and substance. We may assume also that a notice which fails to state correctly the character of the cause of action should be regarded as no notice at all, inasmuch as it would be insufficient to give the court jurisdiction to render judgment upon a cause of action not referred to. Thus notice of an action upon a promissory note would not warrant a judgment for damages upon a cause of action sounding in tort, or authorize a decree quieting title to real estate. Nor is it quite accurate to say that the notice in question is a defective notice in the sense in which we

are accustomed to use that expression. It correctly names
the forum and the parties. It correctly designates the
place where the court is to be held, and the time when the
defendants are required to appear. It correctly states the
subject-matter of the action, and, if served in connection
with an action brought to foreclose a mortgage upon prop-
erty in fact as therein described, and which mortgage was
recorded as therein stated, it would undoubtedly be suffi-
cient to confer jurisdiction to enter a default and decree.

The notice being otherwise sufficient, the simple ques-
tion, therefore, is, must it be said that the inaccuracy in
the statement of facts not necessary to be stated is suffi-
cient to avoid the notice as a whole. We
think the answer to this question must de-
pend upon whether prejudice has resulted
from the inaccuracy alleged, so far as that
the defendants were thereby led away from entering their
appearance in the action and making defense. This is the
rule which obtains in all cases of defective notices, where
the defect complained of is not of itself vital in character.
And we see no reason why the principle there applied
is not applicable to cases such as the one before us. Such,
clearly, is the thought upon which the decision in *Lindsey
v. DeLano, supra*, is based. That also was an action
brought to set aside a default foreclosure decree upon the
ground that in the original notice the land covered by the
mortgage was erroneously described. In the course of
the opinion it is said: "It is claimed that this decree is
void * * * because the original notice * * * des-
cribed the land in controversy as in township 92, instead
of township 91, and as being in Stanton township, when it
was in fact situated in another civil township. The ob-
jection is without merit. The land is otherwise sufficiently
identified. It is described as the land known as the
'George Gray land,' and upon which Lindsey had a lien.
It was not required that the land should be described in

*2. ORIGINAL notice: error in immaterial statements: prejudice: service.*

the notice.    There is no pretense that Lindsey was misled
by this notice.    He had but one mortgage made by George
Gray, and knew the location of the land.    He was advised
by the notice that Rogers claimed the superior lien."

Counsel for appellants seem to think there should be
a distinction drawn between cases where service of the
notice is had by publication and those in which the service
is personal, and this is undoubtedly true as having respect
to some matters.    Thus a party upon whom service is per-
sonally made may be held in reason to know that he is the
person intended to be sued, even though there is an inac-
curacy in the spelling of his name, or in the giving of his
initials; whereas the contrary might be true if the notice
was a published one.    This is the holding in *Fanning v.
Krapfl*, 61 Iowa, 419.    But there is no good reason for
saying that, in respect of the character or nature of the
action stated, there should be any distinction drawn on
account of the method which has obtained in making ser-
vice, and no case has been called to our attention which so
holds.    Counsel for appellant cite and rely upon *Frazier
v. Steenrod*, 7 Iowa, 340.    We do not think the case is in
point.    There a guardian made application to the court
for leave to sell certain described real estate belonging to
his ward.    In the notice of the application served upon
his ward he described real estate other than that described
in the application.    It was properly held that the notice
was wholly insufficient to authorize a sale of lands not
described therein.

We may now turn to the record before us, and there-
from ascertain if the facts and circumstances described by
the petition are sufficient to make out a case of prejudice.

3. ORIGINAL notice; sufficiency; prejudicial recitals.    It will be observed that plaintiffs came to
their title in the lands through the death and
intestacy of the wife and mother.    The mort-
gage was then resting upon such lands, and the same
was properly a matter of record.    Not only did they take

title subject to the lien of the mortgage, but they must be held to a knowledge of its terms and conditions. Moreover, it is affirmatively alleged by them that after they became possessed of the title to the lands the plaintiff J. B. Fleming, acting we may presume on his own behalf and in the interests of the estate of his wife and of his wards, went to the mortgagee, and procured an extension of time, binding himself personally to pay the interest on the mortgage indebtedness in consideration of such extension. Plaintiffs knew, of course, that the interest was not paid, and that foreclosure proceedings would probably follow as a result thereof. Now, the notice apprised them that they were being sued by the party holding the mortgage on their lands on account of a mortgage indebtedness identical in amount with that for which their lands were holden, and that a decree of foreclosure was prayed for. In the notice the lands described are said to be in Adair county, and the suit was brought in Adair county; and, had such notice actually come into the hands of plaintiffs, they must have known that the statement of the range number as being 36 was an error. No appearance was made, and not only is this true, but for a period of over six years they gave no attention whatever to the matter of the indebtedness to which they held subject by making payments of any portion of the principal or interest. They gave no attention to the land itself by asserting a right to possession thereof or by paying taxes thereon. In the absence of any showing to the contrary, we think it not unreasonable to conclude that plaintiffs were satisfied to let the lands be taken to pay the indebtedness, and that, instead of their being misled by the errors in the notice, the present action is the result of afterthought, inspired by a probable increase in value of the lands and by improvements which have been made thereon.

It follows from what we have said that the decree appealed from was warranted, and it is AFFIRMED.