E. C. GOODRICH v. O. D. WHEELER, Judge.

**Intoxicating liquors:** INJUNCTION: CONTEMPT: EVIDENCE OF UNLAW-
FUL SALE. Plaintiff in this proceeding was enjoined from selling
intoxicating liquors or keeping the same with intent to sell in
violation of law, and was afterwards adjudged to be in con-
tempt. In this proceeding to review the judgment for contempt
the evidence is reviewed and held to show that he participated
in an unlawful sale in violation of the injunction.

*Certiorari to Pottawattamie District Court.*—HON. O. D.
WHEELER, Judge.

TUESDAY, DECEMBER 21, 1909.

THE plaintiff was fined for contempt, in that, as was
alleged, he had violated a liquor injunction, thereupon he
sued out a writ of *certiorari,* to which return of all the
evidence adduced was made.—*Dismissed.*

*Mayne & Hazelton,* for plaintiff.

*John J. Hess,* for defendant.

LADD, J.—On March 22, 1909, plaintiff was enjoined
from selling or keeping with intent to sell intoxicating
liquors in violation of law at any place within the limits
of the fifteenth judicial district. On June 12, 1909, an
information was filed, accusing him of the violation there-
of, in that he had kept for sale and sold such liquors to
Harry Senift on Sunday, May 23d previous, and on the two
preceding Sundays. Issue was joined, and on hearing it
was made to appear that one Jackson had succeeded plain-
tiff in the operation of a saloon known as the "State Hotel

Bar"; that he and Jackson jointly occupied a room in the second story, above the saloon, as a living and sleeping room; that on May 16th, one Jones, employed by Jackson as bartender, and Harry Senift procured from said room when occupied by plaintiff enough bottles of beer to fill a suit case and carried them away to use in fishing, though payment therefor was not then made; and that on Saturday evening, May 22d, Senift met Jackson on the street, and told him to save a case of beer for him on Sunday, and to have it at his room, and Jackson informed him the price. Senift called at the room on the morning following at about ten o'clock, but Jackson was not there. The plaintiff was in bed, and, to Senift's inquiry if the case of beer was there for him, answered that he guessed it was, and thereupon Senift put the bottles in the suit case, handed plaintiff $2.75, with the request that he turn it over to Jackson, and left with the beer. The plaintiff testified that he had no interest in the sale, beer, or saloon from which taken. But he was interested in the room, and was occupying it in common with Jackson, and therefore, in connection with the latter, was maintaining a place in which intoxicating liquors were kept for sale and sold in violation of law. If he participated in keeping the room for the unlawful purpose, even though the sale was made by Jackson, he was guilty.

But did he participate in the sale? If so, this was in violation of the injunction, even though he had no interest in the commodity or its sale. Senift merely told Jackson to have the beer at his room where he could get it in the morning. Jackson in response named the price. There is no showing that Jackson took the beer to the room save inferentially, and, even if he did, it did not thereby pass from his custody. Although Senift had a key to the stairway door, he had none to the room of Jackson and plaintiff. The circumstance that Jackson named the price, and that the case of beer was to be "saved" in his room for Senift,

clearly indicates that delivery was not to be effected until the purchase price should be paid. Whether there was a delivery depends on the intention of the parties (*Allen v. Elmore,* 121 Iowa, 241), and the circumstances of this transaction do not warrant the inference that the sale was intended to be complete upon the placing of the beer in the room. Senift at one time testified that he told Jackson to save him a case of beer, and at another that he made arrangements with Jackson to buy it. These arrangements were that Jackson should have the beer at his room, where, as is clearly to be inferred from the evidence, Senift could procure it upon the payment of the price named. Title passed upon Senift receiving the goods at that place and upon the payment of the price exacted by Jackson. At that time plaintiff was in sole possession of the room, and, when Senift came, informed him that the case of beer was his, and received the price for Jackson. To this extent he participated in the unlawful sale, and thereby violated the mandate of the court commanding him not to keep for sale or sell intoxicating liquors within the judicial district.

The order of the district court has our approval, and the writ of *certiorari* is *dismissed.*