IN RE GUARDIANSHIP of the property of KARL E. HANSEN.

W. H. MAY, Appellee, v. KARL E. HANSEN, Appellant.

No. 45405.

DECEMBER 31, 1940.

Graham & Graham and L. L. Ryan, for appellant.

L. Dee Mallonee, for appellee.

Clark D. Mantz, guardian ad litem.

MILLER, J.—On February 3, 1938, in a cause entitled, "W. H. May, Plaintiff, v. Karl E. Hansen, Defendant", there was filed a petition by said W. H. May, asking for the appointment of a permanent and a temporary guardian of the property of the defendant, Karl E. Hansen, for the reason that said defendant was of unsound mind and had been committed to the state hospital for the insane at Clarinda. On the same day that the petition was filed, an order was entered fixing the date for the hearing on the application for a temporary guardian on February 15, 1938, and prescribing five days notice thereof as prescribed by law. On February 7, 1938, notice of the application for appointment of a temporary guardian was served upon R. D. Smith, superintendent of the state hospital at Clarinda in accordance with section 11068 of the Code, 1935. The caption of the notice was "W. H. May, Plaintiff, v. Karl E. Hansen, Defendant". The notice was addressed to Karl E. Hansen and stated as follows:

"You are hereby notified that there is now on file in the office of the clerk of the District Court of Audubon County, Iowa, the petition of Fred Nelsen asking for the appointment of a temporary guardian of your property on the ground that you are a person of unsound mind. You are further notified that said petition has, by the court, been set down for hearing at the court house in Audubon, Iowa upon the 15th day of February, 1938, at 10:00 A. M. at which time you may appear and make objection if you so desire.

"You will take notice hereof and will govern yourself accordingly."

On the same day, February 7, 1938, there was also served upon said superintendent of the hospital an original notice of the proceedings for appointment of a permanent guardian. This original notice had the same caption, to wit: "W. H. May, Plaintiff, v. Karl E. Hansen, Defendant", was addressed to Karl E. Hansen, and stated as follows:

"You are hereby notified that there is on file, in the office of the Clerk of the District Court of Iowa, in and for Audubon county, a petition of Fred Nelsen asking the appointment of a permanent guardian of your property on the ground that you are a person of unsound mind.

"For full and complete particulars see petition when on file.

"Now, unless you appear thereto and defend on or before noon of the second day of the next, April, 1938 term of said District Court to be held in the court house at Audubon, in said County and State commencing on April 26, 1938, default will be entered against you and judgment rendered thereon in accordance with the prayer of said petition."

Both of the notices were signed, "L. Dee Mallonee, Attorney for plaintiff". On February 10, 1938, both of the notices, with the acceptance of service by the superintendent of the hospital, were filed with the clerk of court and on that day the court entered an order appointing Clark D. Mantz, attorney at law, guardian ad litem to represent the defendant in the hearings for the appointment of a temporary and a permanent guardian of the property of the defendant. On the same day said guardian ad litem filed an answer on behalf of the defendant in the form of a general denial.

On February 15, 1938, the court entered an order appointing W. H. May temporary guardian of the property of the defendant and fixed the amount of his bond at $2,000 with a corporate surety and $3,000 with a personal surety. On March 1, 1938, the clerk opened a probate file entitled "In the matter of the Guardianship of the property of Karl E. Hansen". On May 2, 1938, the court entered an order appointing W. H. May

permanent guardian of the property of the defendant, Karl E. Hansen, with the same requirements for his bond.

While the record before us does not specifically show that W. H. May qualified as such temporary and permanent guardian, it clearly indicates that he did so qualify. On November 27, 1939, Karl E. Hansen filed an application for a final accounting and discharge of the guardian, asserting that he was paroled from the hospital on November 15, 1939, to Mel M. Graham, Esq., of Audubon. Various pleadings were filed in reference to the proceedings for the termination of the guardianship and finally on February 28, 1940, they were dismissed without prejudice by Karl E. Hansen.

On the same day, February 28, 1940, Hansen filed two motions, one of which moved to cancel and set aside the order of February 15, 1938, appointing W. H. May temporary guardian of his property and the other moved to cancel and set aside the order entered May 2, 1938, appointing May permanent guardian of his property. These motions asserted that the notices, served upon the superintendent of the hospital, were defective in that each stated that there was on file the petition of Fred Nelsen asking for such appointment, whereas in fact the petitioner in each case was the plaintiff, W. H. May, and, accordingly, no legal notice was ever served and each order of appointment was wholly void and of no effect because the court did not acquire jurisdiction. The motions were resisted. At the hearing, it was stipulated and agreed that, when the notices were served, Karl E. Hansen was confined as a patient in the state hospital for the insane at Clarinda, where he remained continuously until November 17, 1939. The record and files hereinbefore reviewed were introduced in evidence, the matter was taken under advisement and on July 22, 1940, the court entered an order overruling both motions, from which ruling Karl E. Hansen has appealed to this court.

At the outset, it might be well to mention that, in the proceedings before us, no question is raised in reference to the capacity of appellant to maintain this appeal, in view of the provisions of sections 10996 and 11000 of the Code, 1939.

The only proposition presented by appellant is this: That the court erred in overruling the motions to set aside and cancel

the orders appointing a temporary guardian and a permanent guardian for the reason that the purported notices of the proceedings for such appointments in each instance "misinformed defendant as to the name of the person filing the petition and did not inform him of the name of the plaintiff". Appellant relies upon the provision in section 11055 of the Code, 1935, which provides, among the requirements of an original notice, that it inform the defendant "of the name of the plaintiff". Appellant contends that neither notice met this requirement, that each notice was accordingly fatally defective and the court was without jurisdiction in each instance. We find no merit in appellant's contentions.

The first question confronting us is whether the caption was a part of each notice. If it was, then clearly each notice informed the defendant of the name of the plaintiff because in the caption of each notice appeared the statement, "W. H. May, plaintiff, v. Karl E. Hansen, defendant". We are of the opinion and hold that the caption was a part of each notice and that the recitals in the caption were sufficient to comply with the requirement of the statute.

A case which appears to be directly in point is that of Gulberg v. Cooper, 219 Iowa 858, 859, 259 N. W. 925, 926. In that case the appellant challenged the sufficiency of the notice to meet the requirement that it inform the defendant of the name of the plaintiff. The caption of the notice in that case was "Joseph Gulberg, Plaintiff, vs. H. M. Cooper, and A. R. Cooper, Defendants." The caption of the petition was the same as that of the notice. In the body of the petition, it was recited that the plaintiff was known as Joseph Eulberg and that Joseph Gulberg and Joseph Eulberg were one and the same person. The defendants filed a special appearance asserting that the plaintiff's real name was Joseph Eulberg and, since the original notice was entitled Gulberg and the petition was filed by Eulberg, there was no petition on file at the time fixed by the original notice. The motion to quash was overruled. Defendants appealed. The ruling was affirmed, this court stating: "The defendants could not have been misled to their prejudice in this matter, under the showing made, and there is no merit in the appeal." In disposing of said question, this court recognizes that the caption

of a notice is a part of the notice and should be so considered in determining the sufficiency of the notice. Also, the holding recognizes that a notice is sufficient, even though conflicting statements are made therein, if there is no reasonable ground for believing that the defendant was misled to his prejudice. This seems to be in accord with the holdings of this court in Fanning v. Krapfl, 61 Iowa 417, 14 N. W. 727, 16 N. W. 293, and Fanning v. Krapfl, 68 Iowa 244, 26 N. W. 133, which cases involved two appeals pertaining to the same action. ·

The action involved in the cases last cited was one to quiet title. The title of one of the defendants was challenged on the ground that an original notice was void because it had been served by publication upon one whose true name was T. Phelia Boyd Hopkins, by addressing her as P. T. B. Hopkins. This court held, on the first appeal, that the notice was fatally defective. On remand of the case, the defendant amended his answer, asserting that T. Phelia Boyd Hopkins, who was addressed as P. T. B. Hopkins in the notice, was also designated in that notice as the wife of John C. Hopkins, and that the two people were one and the same person. The plaintiff moved to strike said allegations. The motion was sustained. On the second appeal, this ruling was reversed, this court stating (68 Iowa 244, 247, 26 N. W. 133, 135), as follows:

"If it be true, then, as was alleged, that Mrs. Hopkins was better known in Dubuque county as the wife of John C. Hopkins than by her Christian name, or by the initial letters of that name, a notice describing her simply as the wife of John C. Hopkins, published in that county, would give greater publicity to the pendency of the action than one correctly describing her by her Christian name, or by the initial letters of that name; and those who thus knew her would not be misled by the transposition of the initial letters which occurred in the published notice. It seems to us, therefore, that the publication of the notice accomplished every purpose which the law intends to accomplish by the service of a notice in that manner."

The holdings of this court above reviewed are in accord with the proposition that, where a notice contains a correct statement of the required information and also contains a state-

ment that is in conflict therewith, the notice will not be held invalid unless there are reasonable grounds to believe that the party challenging the sufficiency of the notice was misled to his prejudice thereby. Applying such rule of law to the record herein, the trial court was clearly right in holding that the notices of the hearings on the applications for the appointment of guardians of the property of appellant were not subject to the attack here made upon them.

One reason for the requirement, that the defendant be informed of the name of the plaintiff in an original notice, is to enable the defendant to locate the action in which the petition is filed. In this case, the petition and the notices both had the same captions. The record is devoid of any showing that appellant was misled to his prejudice. He could easily have found the action to which each notice referred and could have made a defense. The record shows that a defense was made.

In an action such as this, the name of the plaintiff is not ordinarily essential to the description of the cause of action. Proceedings of this nature may be instituted and prosecuted by almost any person. Such plaintiff need not have a proprietary or identifiable interest in the subject of the litigation. The relief sought is the same irrespective of the identity of the plaintiff and his name adds nothing to the description of the cause of action.

We are of the opinion and hold that such errors as occurred in the notices herein did not mislead defendant to his prejudice. They constituted mere irregularities not vital in character. The notices were not void.

The judgment is—Affirmed.

STIGER, OLIVER, HALE, and BLISS, JJ., concur.