JOHN JEREMIAH PHELAN KELLY, Appellant, v. BANKERS LIFE COMPANY et al., Appellees.

No. 46683.

JUNE 19, 1945.

Thomas J. Bray, of Oskaloosa, for appellant.

J. P. Lorentzen and Emory M. Nourse, both of Des Moines, and Cross & Hamill, of Newton, for appellees.

MILLER, J.—Plaintiff's petition asserted that, as the son and only heir at law of John Kelly, deceased, he is the owner of an undivided two-thirds interest in a farm in Jasper county; that defendant Bankers Life Company foreclosed a mortgage on the farm in 1931, when plaintiff was a minor, but plaintiff was not affected by the decree therein because no original notice of the action, addressed to him, was ever served upon him. The prayer of the petition was that the farm be partitioned. An

abstract of title was made an exhibit, attached to and incorporated in the petition, and set forth the original notice that was served on him. Plaintiff's name was included in the caption as a defendant and the notice was addressed, ''To the above named defendants.'' The return showed service on plaintiff and a defense was shown to have been made for him by a guardian ad litem.

The defendants herein filed a motion to dismiss the action, asserting, among other things, that the petition affirmatively shows that an original notice, addressed to plaintiff by his correct name, was served upon him in the foreclosure proceedings and that plaintiff is bound by the decree therein. The court determined that the caption is a part of an original notice, that the words, ''To the above named defendants,'' made the notice properly addressed to all defendants named in the caption. The motion was sustained and the action herein was dismissed. Plaintiff appeals to this court.

Counsel for plaintiff frankly states:

''The sole question is whether in the foreclosure action any notice was served upon appellant which gave the court jurisdiction of him.''

And again he states:

''If in that action a legal notice was served upon appellant, then of course thereby he was divested of his interest in the land. * * * All of the cases heretofore determined by this court in which the question of sufficiency of notice was involved, hold that an original notice not addressed to a party sought to be bound thereby even though properly served upon him, confers no jurisdiction upon the court to enter any kind of a judgment against him. * * * The words 'To The Above Named Defendants' is the addressing part of the notice. It relates to a group of persons. It is not the addressing of any particular person by name, and consequently it is not the addressing of any person at all.''

We find no merit in this contention.

In the case of In re Guardianship of Hansen, 229 Iowa 914, 295 N. W. 429, we expressly held that the caption is a part of

an original notice. In the case of Fairchild v. Plank, 189 **Iowa** 639, 640, 641, 179 N. W. 64, 65, we stated, in reference to a notice of appeal, as follows:

"In stating the title, the notice of appeal names John Robertson as a defendant, and addresses itself to 'the above-named defendants.' Had it been served on John Robertson in person, there would have been effective service."

Applying these pronouncements to the record herein, we hold that the trial court was right in determining herein that, since plaintiff was correctly named as a defendant in the caption of the original notice which was served upon him, the words, "To the above named defendants," which were therein used, were sufficient to comply with the statutory requirement that the original notice be addressed to him.

The judgment is—Affirmed.

All JUSTICES concur.