(73 App. Div. 459.)

### STUART v. NEW YORK HERALD CO.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

1. COMPLAINT—AMENDMENT.
     Where a complaint for libel charged that defendant was a New York corporation, when in fact it was a New Jersey corporation, it was not error for the court to allow amendment.
2. LIBEL—EVIDENCE—REPETITION AFTER ACTION BEGUN.
     Evidence that a libel was repeated after action therefor was begun was not competent.[1]
8. SAME—PLEADING—EVIDENCE—STATUTORY CRIME.
     In an action for libeling plaintiff by calling him an adulterer, it was error to admit evidence of a statute making adultery a crime in New Jersey, the statute not being pleaded, and adultery not being a crime in New York or at common law.

Appeal from trial term, New York county.

Action by Edmund A. Stuart against the New York Herald Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

F. B. Candler, for appellant.
George Ryall, for respondent.

PATTERSON, J. This is an appeal from a judgment in favor of the plaintiff in an action for libel and from an order denying a motion for a new trial. The defendant published in its newspapers, the New York Herald and the Evening Telegram, of the issues of the 23d of August, 1900, articles in which they charged that the plaintiff was an adulterer, and had been caught in the act of adultery with the wife of one Knowlden. It is not denied that the article is libelous per se, nor is it now insisted upon that it was privileged. The only points raised upon this appeal are that the verdict was against the weight of evidence,—which is clearly an untenable ground,—and that errors were committed on the trial in rulings of the trial judge. The first of those alleged errors requiring consideration is that the court allowed an amendment of the complaint, which charged that the defendant was a New York corporation while in fact it was a New Jersey corporation. It was competent for the court to allow this

_____

[1] See Libel and Slander, vol. 32, Cent. Dig. § 288.

amendment, because it did not change any material matter, nor did it alter the nature of the cause of action in any way, nor did it affect any right of the defendant. It did not bring in another or different corporation as a party, but merely allowed a proper description of the defendant and a more complete identification.

But it is claimed that there were two serious errors committed by the trial judge, and for which the judgment should be reversed, and a new trial ordered.

First. This action was commenced on the 1st of September, 1900. The articles were published in August, 1900. The court admitted in evidence, under objection and exception, two other articles published in the New York Herald under date of September 3, and September 5, 1900, both referring to the same general subject as that mentioned in the articles upon which the action was framed. The effect of these articles on the minds of the jurors was necessarily to aggravate the defamatory character of the charge. The court below admitted them on the ground that they showed express malice, and on the theory that it was competent to show a repetition of the libelous matter. Undoubtedly, a repetition of the same matter may be shown to prove malice, provided the repetition is before the action is begun; and there are cases in which the jury may take into consideration in that regard the unproven allegations of an answer setting up justification. But to entitle a plaintiff in an action for libel to give proof the tendency of which is to enlarge the character of the libel, he must set up the facts in his complaint, although the article published by the defendant, and upon which the action is framed, is libelous per se. Cassidy v. Brooklyn Daily Eagle, 138 N. Y. 243, 33 N. E. 1038; Frazier v. McCloskey, 60 N. Y. 337, 19 Am. Rep. 193; Daly v. Byrne, 77 N. Y. 182.

Second. There was error committed by the court in allowing, over the objection of the defendant, proof of a New Jersey statute making adultery a crime. That statute was not pleaded. Adultery is not a crime at common law, nor in the state of New York. Being a crime in the state of New Jersey, that should have been pleaded. There is nothing in the complaint to indicate that a crime was charged. That the articles complained of were libelous per se because they held up the plaintiff to contempt and brought him into disrepute, and that, therefore, he would be entitled to recover damages, does not affect the consideration that the trial court allowed proof which would show that the publication carried with it the accusation that the plaintiff had committed a crime, which evidence necessarily must have been influential with the jury; and it is impossible, therefore, to determine what effect, by way of aggravation, that evidence may have had on their verdict. The damages may have been largely enhanced because of the charge that the plaintiff had committed a crime for which he would be liable to fine or imprisonment.

For these errors the judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.