## HENRY A. CLIFFORD v. HANS THUN ET AL.

FILED NOVEMBER 11, 1905.  No. 13,965.

1. Amended Petition: LIMITATIONS: DEMURRER. An amended petition setting up a new cause of action, which is barred when the amended petition is filed, is vulnerable to a demurrer. *Buerstetta v. Bank,* 57 Neb. 504.

2. Foreclosure Sale: SUIT TO REDEEM: LIMITATIONS. One seeking to redeem from a foreclosure sale based on a tax lien must bring his action therefor within two years from the date of the tax sale.

3. **A** notice by publication was directed to "The Globe Investment
   Company," the true name of the corporation being "Globe Invest-
   ment Company." *Held*, That the variance was so slight as to
   be immaterial.

4. **Notice.** The same notice was directed to "H. A. Wyman, Receiver
   of the Globe Investment Company," Wyman's true name being
   "Henry A. Wyman." *Held*, That, as the petition showed that
   Wyman was appointed receiver by the court of a sister state,
   he was not a necessary party to the action and a defect in the
   notice to him was immaterial.

ERROR to the district court for Brown county: JAMES
J. HARRINGTON, JUDGE. *Affirmed.*

*Charles Battelle,* for plaintiff in error.

*A. W. Scattergood, contra.*

DUFFIE, C.

February 21, 1903, Henry A. Clifford, the plaintiff in
error, filed his petition in the district court for Brown
county for the foreclosure of a mortgage on 80 acres of
land made to the Globe Investment Company by Henry
Thun and Dora, his wife. September 5, 1903, he filed an
amended petition, in which he alleges that on August 6,
1901, the land covered by his mortgage was sold for the
delinquent taxes due thereon for the years 1895-1900, both
inclusive; that one Skillman was the purchaser at said
sale, and that on August 22, 1901, said Skillman com-
menced an action to foreclose his tax certificate, making
numerous parties defendant to said action, and, among
others, *The* Globe Investment Company and H. A. Wyman
as receiver of said company; that one Toy, who held a
tax certificate about nine years old, filed an answer and
cross-bill asking a foreclosure thereof; that a decree was
entered foreclosing the tax liens held by Skillman and Toy,
and that on December 24, 1901, all the real estate was
sold to satisfy said decree, Hans Thun becoming the pur-
chaser. The petition further recites that the plaintiff is
the owner and holder of a mortgage, made by Henry Thun

and wife to the Globe Investment Company, covering the premises in controversy; that the same is due and unpaid, and he prays to be allowed to redeem the premises from the tax sale foreclosure, and for the foreclosure of his mortgage. To this amended petition Hans Thun entered a demurrer, alleging that it did not state facts sufficient to constitute a cause of action or to entitle the plaintiff to the relief demanded.

It will be noticed that the original petition filed by the plaintiff asked no relief other than the foreclosure of his mortgage. The amended petition filed on September 5, 1903, while asking a foreclosure of the plaintiff's mortgage, also set up an entirely different and independent cause of action against the defendants, viz., the right to redeem any interest in the land which the defendants had acquired under a tax foreclosure sale. It was held in *Selby v. Pueppka*, 73 Neb. 179, that section 3, article IX of the constitution of the state, providing for two years' time within which to redeem from tax sales, applies to judicial as well as administrative sales. In that case it was urged that the confirmation of the sale and the making of a deed cut off the owner's right to redeem, and this was the intimation of the court in *Logan County v. McKinley-Lanning Loan & Trust Co.*, 70 Neb. 406. In that case the question was not squarely before the court and was not the principal question considered. Objection was made to a confirmation of the sale upon the theory that such confirmation would extinguish the owner's right to redeem, and the case was apparently argued upon that theory; but the question of whether a confirmation would have that effect was not before the court and was not determined. In the *Selby* case the question was squarely raised and it is said:

"The terms of the constitution are very sweeping. Art. IX, sec. 3. A right of redemption is given from all sales of real estate for the nonpayment of taxes for two years after the sale. This provision has been held to be self-executing. *Lincoln Street R. Co. v. City of Lincoln*, 61

Neb. 109. It has also been declared to apply to judicial sales as well as to administrative sales. *Logan County v. Carnahan*, 66 Neb. 685. We see no reason for suggesting any change in the ruling. The confirmation applied only to the regularity of the proceeding. It held the sale valid and regular, but in no way adjudicated the right of redemption from it. The latter existed by virtue of a self-executing constitutional provision independent of the court. The court's action must be held to have been taken with this right in view. Of course, in this view, that confirmation, like the other proceedings in this sale, was had provisionally and subject to the right of redemption—the costs of the sale, as well as the costs of foreclosure, being added to the taxes and interest in making the redemption."

We are still satisfied with this view of the case, and the plaintiff's amended petition asking to redeem, having been filed more than two years after the land had been sold for taxes, the plaintiff's right of redemption had expired. It is claimed that the decree foreclosing the tax lien is void because the defendant, "Globe Investment Company," was summoned under the name of "The Globe Investment Company," and that "Henry A. Wyman," receiver of the Globe Investment Company, was summoned as "H. A. Wyman," only the initial of his first name being used, and that notice by publication only was given. The variation in the name of the corporation was so slight as to leave no doubt of its identity, and is wholly immaterial. *Lane v. Innes*, 43 Minn. 137. The receiver of a corporation appointed by the courts of another state not being a necessary party to an action brought against the corporation in this state, the failure to give the real and true name of Wyman in the proceeding is of no account.

It is further objected that the court was without jurisdiction to foreclose the tax certificate held by Toy, it being issued on a sale made nine years previous to the filing of his cross-bill. That the lien for taxes originally held by Toy under this certificate had, in the language of this court in *Alexander v. Shaffer*, 38 Neb. 812, become "ex-

Clifford v. Thun.

tinguished absolutely" by his failure to foreclose it within the time allowed by statute is true, but that the court mistook the law, and gave Toy a decree for the amount claimed, did not oust it of jurisdiction to hear and determine the case. The decree was erroneous and reversible on appeal, but not void and subject to collateral attack.

Again, the tax lien held by Skillman had not been barred and the decree, to the extent that it awarded him relief, was in all respects legal and free from error. That it included an amount erroneously awarded to Toy could affect the plaintiff only as to the amount that he should pay in case of redemption, if he was awarded the right to redeem.

It is further urged that the plaintiff owning the mortgage at the time was not a party defendant to the tax foreclosure suit, and that his right of redemption has not been extinguished by the decree. The plaintiff by his bill is seeking to enforce a right of redemption as distinguished from an equity of redemption; a right based upon a provision of the constitution and the statutes of the state, and it is by these provisions that his right is to be measured and determined and not by the decree entered by the district court in the tax foreclosure action, which, as before stated, did not attempt to determine or cut off the privilege awarded him by the laws of the state to redeem from the tax sale within two years from its date. The difficulty under which he labors is that this right was not asserted within the time limited, and his right to redeem has been barred by lapse of time, fixed, not by the decree, but by statute.

We conclude that the court was right in sustaining the defendant's demurrer to the plaintiff's amended petition, and we recommend the affirmance of the order.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court is

AFFIRMED.