FLORENCE D. WHITNEY V. FRANK N. MASEMORE.

No. 14,970   (89 Pac. 914.)

SYLLABUS BY THE COURT.

JURISDICTION—*Service by Publication.* In a suit to quiet title to real estate, where the only attempt to obtain jurisdiction of Florence D. Whitney, an unmarried woman, one of the defendants, was by publication, in which she was referred to as "——— Whitney, and ——— Whitney, his wife, whose first names are unknown," without any other description or identification, and where there was no appearance or waiver of the issuance and service of summons, the court did not acquire jurisdiction of her, and a judgment against her upon such notice is void.

Error from Hamilton district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed April 6, 1907. Reversed.

*Whitcomb & Hamilton,* and *R. S. Cone,* for plaintiff in error.

*George J. Downer,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: Frank N. Masemore commenced this suit to quiet his title to certain lands. There were several defendants. Among others named were "——— Whitney, and ——— Whitney, her husband." The allegations in the petition referred to these parties as "——— Whitney, and ——— Whitney, her husband," whose real names the plaintiff was unable to ascertain. An attempt was made to get service of summons by publication. In the affidavit therefor they were described as "——— Whitney, and ——·— Whitney, his wife, whose first names are unknown." In the notice of publication they were referred to as "——— Whitney, and ——— Whitney, his wife, whose first names are unknown." After this notice had been published the plaintiff, without notice, amended his petition, both in the title and body, by inserting the name

"Florence I." before the name "Whitney" that referred to the wife.

Thereafter, and on June 3, 1902, judgment was rendered against Florence "I." Whitney and others, by which it was adjudged that the plaintiff's title to the real estate was valid and perfect, and that the defendants had no estate or interest therein. On January 26, 1906, Florence D. Whitney filed a motion to set aside the judgment rendered against her on June 3, 1902, as to one of the quarter-sections of the land described in the petition, claiming that the record showed that no service of summons was ever made personally or by publication upon her, that she had made no appearance in the suit, and that she had had no notice or knowledge of the same until long after the rendition of the judgment. This motion was supported by her affidavit, in which she stated that she was and had been for more than five years last past an unmarried woman; that she claimed an interest in the quarter-section of land therein described, being one of the quarters described in plaintiff's petition; and that she had no knowledge or notice of such action or the pendency thereof or the rendition of the judgment until long after the same was entered. It was admitted by the plaintiff that the statements contained in Florence D. Whitney's affidavit were true. Upon a hearing the motion was denied. The only question for our consideration is whether a judgment rendered against Florence D. Whitney on such a service is void.

The provision of our statute with reference to service of summons by publication provides that the notice published shall contain "the names of the parties." (Gen. Stat. 1901, § 4508.) If the Christian names of the defendants are unknown to the plaintiff he ought to give such description or identification of them in the notice that the defendants and persons acquainted with them would by reading the notice know who were being sued. The notice "must be given with

sufficient accuracy clearly to indicate their identity." (17 Encyc. Pl. & Pr. 90.)

The notice given by the plaintiff in this case did not identify Florence D. Whitney. There were no statements or intimations that would indicate to her or any other person who read the notice that she was intended as one of the defendants. Indeed, she might very reasonably have concluded from reading the notice that she was not the Whitney for whom the notice was intended. All effort made to identify her was misleading. The description was "——— Whitney, and ——— Whitney, his wife, whose first names are unknown." At the time this notice was published Florence D. Whitney was an unmarried woman. In *Thompson v. McCorkle*, 136 Ind. 484, 34 N. E. 813, 36 N. E. 211, 43 Am. St. Rep. 334, it was said:

"Notice, by publication, to John McCorkle and ——— McCorkle, his wife, of the pendency of an action. to quiet title to real estate, which was instituted after the death of said John McCorkle, is not notice to Maria McCorkle, widow of said John McCorkle; and that being the only attempt to bring her into the action, and service of process not being waived by her, she not appearing to the action, and, in fact, having no knowledge of the pendency of the action, and being before, at the time of, and since the institution of the action, a resident of the state but not of the county where the action was instituted, the court obtained no jurisdiction over her, and the judgment rendered therein was a nullity as to her." (Syllabus.)

In the case of *Fanning v. Krapfl*, 61 Iowa, 417, 14 N. W. 727, 16 N. W. 293, a suit to foreclose a mechanic's lien, where the service was by publication, the defendant's name was T. Phelia Boyd Hopkins. In the publication notice the name was P. T. B. Hopkins. It was held that the transposing of the initials made the notice of no effect as to her, and gave the court no jurisdiction to render a decree against her. It was well said in that case:

"Notice by publication, even where there is no misnomer, does not afford a very strong natural presump-

tion that the fact of the pendency of the action will be brought to the defendant's actual knowledge. Notice by this mode is allowable only out of necessity. It must often happen that great injustice is done and great hardship suffered. We are not disposed to open the door any wider than necessity requires." (Page 419.)

Service of summons by publication is only a substitute for personal service, and the statute providing for such service should be construed with considerable strictness. It is always doubtful if the defendant will ever by seeing the notice in the paper know of the pendency of the action until after judgment has been rendered. The information that an action is pending is quite often conveyed to the defendant by his acquaintances who have read the notice, when without the information thus conveyed the defendant would not have received any notice. The notice, therefore, should so clearly identify the defendant that his acquaintances who read the notice will know for whom it was intended. It is not probable that a non-resident of the state will see the local paper containing the notice, but it is always possible that some of his acquaintances residing in the county where the paper is published will see it, and if the defendant is identified in the notice they are likely to convey the information to him. A notice that does not furnish this information is ineffectual to give the court jurisdiction of the defendant. The notice published was so defective in describing the plaintiff in error that it did not give the court jurisdiction of her, and the judgment entered is void as to her.

It is argued by defendant in error that he followed the provisions of section 4577 of the General Statutes of 1901. That section has application only where personal service is made.

The order denying the motion to vacate the judgment is reversed and the cause remanded, with instructions to allow the motion and set aside the judgment as to Florence D. Whitney.