ALBERT E. KING, *Appellant,* v. W. H. WILSON *et al.,. Appellees.*

No. 17,341.

SYLLABUS BY THE COURT.

PUBLICATION NOTICE — *Corporation — Misnomer—Collateral Attack.* A publication notice directed to "The Farmers Loan & Trust Company, a corporation," given in an action brought to quiet the title of plaintiff to land in which "The Farmers Loan & Trust Company of Kansas" had held an interest, and based on which a judgment against the company was rendered, is sufficient to give the court jurisdiction over the company where it was shown on collateral attack that the name

by which the company was commonly known in the county where the action was brought omitted the words "of Kansas," and the judgment is therefore binding on the company and its assigns.

Appeal from Meade district court.    Opinion filed January 6, 1912.    Affirmed..

*Thomas A. Scates*, and *Albert Watkins*, for the appellant.

*H. Llewelyn Jones*, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:    Albert E. King brought this action in ejectment on May 29, 1909, claiming title to the land in question by virtue of a quitclaim deed, made and executed on November 18, 1908, by T. F. Fanning, as sole and lawful assignee of The Farmers Loan & Trust Company of Kansas, which company, it is admitted, became the owner of the patent title on July 12, 1889, and, on April 10, 1890, it made a general assignment for the benefit of creditors.    W. H. and O. T. Wilson, defendants below and appellees herein, claim title to the land by virtue of a warranty deed made by B. Maxwell on December 17, 1904, who was the holder of a tax deed filed of record June 16, 1904.    Maxwell, while holding the tax title, instituted a suit against The Farmers Loan & Trust Company, a corporation, *et al.*, giving notice by publication, and, on October 18, 1904, obtained a decree quieting the title in himself as against the company.

Appellant has no title to the land in question if the decree of October 18, 1904, in the case of *Maxwell v. The Farmers Loan & Trust Company, a corporation*, is binding as against The Farmers Loan & Trust Company of Kansas and its assigns, as was held by the trial court.

Does the misnomer in the publication notice render the judgment ineffectual?    It is insisted that the cor-

poration could only be sued in its corporate name; that it was without power to change its name except in the manner provided by statute, and that it had not in fact assumed or adopted a name other than the correct one. It appears that the company had printed and used stationery, blank forms, coupon mortgage bonds, and the like, in which it designated itself as "The Farmers Loan & Trust Company." Subsequently the words "of Kansas" were added to the name used in its stationery and printed blanks. It appears, however, that in Meade and neighboring counties the corporation was commonly known as "The Farmers Loan & Trust Company." There was evidence that this name was used on the tax rolls, in tax-sale certificates, in instruments deposited with the register of deeds for record, and also in abstracts of title. It was used to designate the company in some foreclosure proceedings. Many of the letters addressed to the company so designated it, and even the appellant himself referred to it by that name. It is enough if the publication notice designates a party by the name by which he is commonly known although it may be a departure from the correct name. It is important that a party shall be designated in process or notice so as to fairly indicate his identity and challenge his attention, and where, as in this case, the land involved in the action is described in the notice and such party owns or claims an interest in it it can not be said that he is liable to be misled by the incorrect designation or that anyone else in the county could be misled as to the party for whom the notice was intended. (*Doyle v. Hays,* 80 Kan. 209, 102 Pac. 496.)

(See, also, *Whitney v. Masemore,* 75 Kan. 522, 89 Pac. 914; *Sharp v. McColm,* 79 Kan. 772, 101 Pac. 659; *Blinn v. Chessman,* 49 Minn. 140, 51 N. W. 666; *Schee v. LaGrange,* 78 Iowa, 101, 42 N. W. 616; *The Precious Blood Society v. Elsythe,* 102 Tenn. 40, 50 S. W. 759; *Grocery Co. v. Home Brewing Co.,* 60 W. Va. 281, 54 S. E. 349; *Chadsey v. McCreery,* 27 Ill. 253.)

The authorities cited relate to the misnomer of individuals, but, considering the purpose of the notice, there is no more reason for greater exactness in giving the names of corporations than there is of individuals. If the name given a corporation in the notice fairly advises it and others of the pending of the proceeding it is sufficient as against a collateral attack. It is the general rule that a misnomer of a corporation in process or contract is no more fatal than in the cases of individuals. (1 Clark and Marshall, Private Corp. § 52.)

(See, also, *State ex rel. &c. v. Telephone Co.,* 36 Ohio St. 296; *Adler v. Kansas City, Springfield & Memphis Ry. Co.,* 92 Mo. 242, 4 S. W. 917; *Clement v. City of Lathrop,* 18 Fed. 885; *Clifford v. Thun,* 74 Neb. 831, 104 N. W. 1052; *Coulter v. Trustees of Western Theological Seminary, &c.,* 29 Md. 69.)

It is clear that the court acquired jurisdiction of the company by the notice and that the judgment in the Maxwell case was binding on The Farmers Loan & Trust Company of Kansas and its assigns.

The judgment in this case is therefore affirmed.