[No. 1909, May 31, 1916.]

RIVERSIDE IRRIGATION CO. v. CADWELL et al.

### SYLLABUS BY THE COURT.

Where a defendant corporation is sued upon a contract, which recites that such corporation is organized under the laws of a given state, and the complaint in such action erroneously alleges that such corporation was organized under the laws of another state, and process is served upon the statutory agent of the corporation, which was a party to the contract, and it appears that such corporation had full notice

of the fact that it was the corporation intended to be sued, and judgment by default is rendered against such corporation, it cannot, upon the sole ground that it was erroneously alleged to have been incorporated and organized under the laws of a given state, when in truth and in fact it was organized under the laws of another state, attack such judgment.

Appeal from District Court, Chaves County; John T. McClure, Judge.

Action by the Riverside Irrigation Company, a corporation, against John C. Cawdell and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

R. D. BOWERS of Roswell, for appellant.

J. M. HERVEY and TOMLINSON FORT, both of Roswell, for appellees.

## OPINION OF THE COURT.

ROBERTS, C. J.—The question presented by this appeal is as to whether the trial court erred in sustaining appellees' demurrer to the complaint filed by the appellant to vacate - and set aside a certain judgment rendered against it in cause No. 2261, wherein the Union Central Life Insurance Company was the plaintiff and appellant was the defendant, wherein a decree was entered foreclosing a certain mortgage. executed by the appellant to said Union Central Life Insurance Company, under which decree the real estate involved in this litigation was sold to W. C. Reid, who later transferred it to John C. Cadwell by warranty deed. Appellant also sought, in said complaint, to have said deeds declared null and void, and to have its title quieted in and to said lands as against all the appellees. The ground for relief stated in the complaint was that, in the original action instituted by the Union Central Life Insurance Company to foreclose the mortgage, the complaint stated that the appellant company was a New Mexico corporation, whereas in truth

.and in fact such company was a corporation organized un-
·der the laws of the state of Missouri.

A copy of the original complaint and of the mortgage
·and judgment were attached to and made a part of the
·complaint in this cause. The mortgage shows that it
was executed by the Riverside Irrigation Company, "a
corporation duly organized and existing under the laws
·of the state of Missouri." The original decree shows that
.summons was ·served upon G. A. Richardson, "the duly
authorized agent of said Riverside Irrigation Company,"
.and that a judgment by default was rendered against the
·defendant therein, the "Riverside Irrigation Company."
The judgment further recites "that all the allegations of
the complaint herein are true." It then finds the fact
that the defendant "Riverside Irrigation Company" made
its promissory note and executed the mortgage set out to
the plaintiff, and that the defendant "Riverside Irriga-
·tion Company" has breached the various covenants of said
mortgage, as alleged in the complaint.

Appellees demurred, upon the ground that the fact that
in paragraph 2 of the complaint, in cause No. 2261, it was
.alleged that the Riverside Irrigation Company was a cor-
poration organized and existing under the laws of the
·state of New Mexico, when ·in fact it was a corporation
·organized under the laws of Missouri, 'did not constitute
a basis to render the decree and sale in No. 2261 void.
This demurrer was sustained, and plaintiff, electing to
·stand upon the ruling upon the demurrer, appealed.

The sole question presented by the present appeal is
whether the fact that in the second paragraph of the com-
plaint, in cause No. 2261, the plaintiff erroneously stated
that the "Riverside Irrigation Company" was organized
under the laws of the state of New Mexico, when in fact
it was organized under the laws of the state of Missouri,
renders the judgment upon that complaint, foreclosing
the mortgage therein described, void, where the notes sued
·on and set out in the complaint in No. 2261 were made
by the Missouri corporation, and the mortgage therein
·sought to be foreclosed was executed by the Missouri cor-
poration, and service was had upon the statutory agent

Riverside Irrigation Co. v. Cadwell, 21 N. M. 666.

of the Missouri corporation, and where, in another para-
graph of cause No. 2261, the mortgage is described and
made a part of the complaint as an exhibit thereto, and
the mortgage shows upon its face that it was executed by
the "Riverside Irrigation Company, a corporation duly
organized and existing under the laws of the state of
Missouri," and the several following paragraphs allege
breaches of the covenants of said mortgage by the "said
defendant, the Riverside Irrigation Company."

Appellant's complaint does not allege that the Mis-
souri corporation was not served with process in No.
2661, or that it had any meritorious defense thereto, or
that there are any other infirmities in the proceedings
therein, except the erroneous statement, in one paragraph
of the complaint, that the defendant corporation was in-
corporated under the laws of the state of New Mexico.
Unless the statute so requires, it is the general rule that,
in a suit upon a contract made by a corporation, it is
not necessary to allege that the defendant is a corpora-
tion unless the question of its corporate existence is in
issue. 10 Cyc. 1347; 3 Thomp. Corp. (2d ed.) §§ 3196
and 3197. Neither is it necessary to allege the name of
the state in which a defendant corporation is incorpor-
ated. Cook on Corp., vol. 3, § 753. In the case of Bruns-
wick-Balke-Collender v. Kraus, 132 Mo. App. 328, 112
S. W. 20, an almost identical question was considered by
the court. The court said:

"Where a party is a corporation, the place of incorporation
is an immaterial allegation; and an allegation that it is a
corporation of one state, followed by proof showing it a cor-
poration of another state, is not a fatal variance."

In numerous cases it has been held that it is no error
for the trial court to permit an amendment alleging that
a corporation was incorporated under the laws of a state
other than that stated in the original complaint, on the
ground that such an amendment does not change any
material matter, nor alter the nature of the case in any
way; that such an amendment merely allows a proper de-
scription of the defendant and a more complete identifica-
tion. Stuart v. New York Herald Co., 73 App. Div.

459, 77 N. Y. Supp. 216; Lewis Lumber Co. v. Camody, 137 Ala. 578, 35 South. 126; Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73. In the case of Houston Land & Loan Co. v. Danley (Tex. Civ. App.) 131 S. W. 1143, it was held:

"Where notes executed by a corporation are attached to and made a part of the petition, and it was proved that the notes were executed by the corporation acting through its president, the misnomer of the corporation as maker could only be taken advantage of by a plea in abatement."

In the opinion in this case it was said:

"If there is a misnomer of the company, it could only be taken advantage of by a plea in abatement." Townes on Pleadings, 359; 6 Thompson Corp. § 7613; 1 Clark & Marshall on Corp. § 52.

As said in 1 Cook on Corporations (5th ed.) § 15:

"Modern law has departed from the strict rules of the common law as to the use of a corporate name. As corporations are now able to contract almost as freely as natural persons, it is held that a departure from the strict name of a corporation will not avoid its contract, if its identity substantially appears."

In the case of King v. Wilson, 86 Kan. 227, 120 Pac. 342, Ann. Cas. 1913B, 1246, a case where the judgment was secured upon notice by publication, it was held:

"A publication notice directed to the 'Farmers' Loan & Trust Company, a corporation,' given in an action brought to quiet the title of plaintiff to land in which the 'Farmers' Loan & Trust Company of Kansas' had held an interest, and based on which a judgment against the company was rendered, is sufficient to give the court jurisdiction over the company, where it was shown on collateral attack that the name by which the company was commonly known in the county where the action was brought omitted the words 'of Kansas,' and the judgment is therefore binding on the company and its assigns."

In the course of the opinion the court says:

"It is important that a party shall be designated in process or notice, so as to fairly indicate his identity and challenge his attention, and where, as in this case, the land involved in the action is described in the notice, and such

Riverside Irrigation Co. v. Cadwell, 21 N. M. 666.

party owns or claims an interest in it, it cannot be said that he is liable to be misled by the incorrect designation, or that any one else in the county could be misled as to the party for whom the notice was intended.   Doyle v. Hays, 80 Kan. 209, 102 Pac. 496 [133 A. St. Rep. 199]."

In the case of Marston v. F. C. Tibbetts Mercantile Co., 110 Me. 533, 87 Atl. 220, it was held:

"A foreign corporation may, when sued as a domestic corporation, file a plea in abatement for the misnomer.   The failure of defendant to plead in abatement for a misnomer of the party defendant operates as a waiver of the misnomer, whether he appears or makes default."

It will thus be seen that a majority of the courts hold that an incorrect statement of the state in which a corporation is incorporated is a mere immaterial irregularity, and at most a misnomer.   In the case of First National Bank of Baltimore v. Jaggers, 31 Md. 38, 100 Am. Dec. 53, it was held:

"There is no doubt that, where a party is sued by a wrong name, and he appears to the suit and does not plead the misnomer in abatement, and judgment is rendered against him in the erroneous name, execution may be issued upon it in that name, and levied upon the property and effects of the real defendant; but there is some conflict in the decisions, whether the same result will follow if he does not appear, and the judgment is obtained by default.   The weight of authority, however, is that this makes no difference, and if the writ is served on the party intended to be sued, and he fails to appear and plead in abatement, and suffers judgment to be obtained by default, he is concluded, and in all future litigation may be connected with the suit or judgment by proper averments."

See, also, 3 Thomp. Corp. (2d ed.) pp. 3187 and 3188, and cases cited.

Section 4168 of the Code of 1915 is as follows:

"After final judgment rendered in any cause, the court may, in furtherance of justice, and on such terms as may be just, amend in affirmance of such judgment any record, pleading; process, entry, return or other proceedings in such cause, by adding or striking out the name of a party, or by correcting a mistake in the name of the party or a mistake in any other respect, or by rectifying defects or imperfections in matters of form; and such judgment shall not be reversed or annulled therefor."

Section 4167 of the Code of 1915 provides:

"That the court, shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

It will thus be seen that the statutes of our state are probably as broad in allowing amendments as those of any state, and as careful to protect judgments from immaterial defects prior thereto as are the statutes of any other state. In appellant's brief he states:

"After searching diligently for cases bearing directly on this point, and while the books abound with decisions to the effect that in a suit against one party judgment cannot be rendered against another, etc., yet the exact point has been decided only once so far as my search has disclosed."

He then cites the case of Little v. Virginia & Gold Hill Water Co., 9 Nev. 317, in which he states "that the exact point under discussion was decided." An examination of that case will show that there were two corporations of the same name—one a California corporation; the other a Nevada corporation. The suit was not upon a contract, but upon a tort, and service was had upon the California corporation. The complaint alleged that the defendant was incorporated under the laws of the State of Nevada. The Nevada corporation appeared and answered, and the case went to trial, when it developed that the case was progressing against the wrong corporation, and a motion to amend was made and disallowed. It was held that, "as amendment would have substituted a new party defendant in the action, the court did not err in refusing it." In the present case it is not alleged that there was a "Riverside Irrigation Company" incorporated under the laws of New Mexico, nor is it denied that the mortgage sought to be foreclosed was executed by the "Riverside Irrigation Company," a Missouri corporation. The allegation that the "Riverside Irrigation Company" was organized under the laws of New Mexico was not essential nor jurisdictional, as it is not necessary to allege venue in the body of a complaint in this state. Code 1915, §

4135. As the object of the suit was the foreclosure of a mortgage upon real estate, the venue of the suit was determined by statute as that of the county in which the land is situated. Code 1915, § 5567. But, as will be seen from the authorities heretofore cited, the Nevada case stands almost alone in holding that an amendment, such as was asked for, would result in a change of party defendant.

This question was involved in the case of Herman v. American Bridge Co., 167 Fed. 930, 93 C. C. A. 330, where the complaint alleged that the American Bridge Company was a New York corporation, and it developed in the trial of the case that the American Bridge Company, a New Jersey corporation, was the real defendant. Here there were two corporations by the same name, one incorporated in New York and the other in New Jersey. They had a common agent, who was served. The complaint alleged that the New York corporation had committed the tort sued for. The plaintiff showed that the New Jersey corporation had committed the tort sued for. In the United States District Court, the judge held that an amendment could not be made by striking out the words "of New York" and substituting the words "of New Jersey." The Circuit Court of Appeals, in an opinion by Severens, Circuit Judge, concurred in by Judges Lurton and Richards, reversed the holding of the District Court and held as follows:

"Plaintiff brought an action in a federal court in Ohio against a bridge company to recover for a personal injury alleged to have been received by him while working as an employe of the company at its plant at a place named. The summons was served on an agent of the company designated by it for that purpose under the statute of Ohio. The summons did not designate the citizenship of the defendant, but the petition described it as a corporation of New York. An answer was filed, admitting that defendant was a corporation of New York and containing a general denial of all other allegations of the petition. Subsequently a motion for more specific statement was made and sustained, and later, after a new action was barred by limitation, an amended answer was filed denying that defendant ever employed plaintiff, or that it operated the plant referred to in the petition. In fact there was a corporation of New York and one of New Jersey, having the same name and the same agent in Ohio;

the latter being plaintiff's employer and the one intended to be sued. Held, that the New Jersey corporation was in fact the defendant, as the petition disclosed, and that, service having been properly made on its agent, the court had power * * * to permit plaintiff to amend his petition by correctly stating its place of incorporation."

This opinion very ably discusses the questions involved and arrives at the conclusion, under the statutes of the United States, no broader than those of New Mexico, that the amendment should have been allowed. A similar case is that of Bainum v. American Bridge Co. of New York (C. C.) 141 Fed. 179, where a similar amendment was permitted.

Many of the cases heretofore cited are in line with the two federal decisions just cited, and stand on the one side as against the sole and only Nevada case upon the side of appellant. But the present case is entirely unlike the Nevada case. Here the complaint is to foreclose a mortgage, styled in most of the works on pleadings as an action quasi in rem. While in the second paragraph the statement is made that the "Riverside Irrigation Company" is incorporated under the laws of New Mexico, the contracts sued on and signed by the company are parts of the complaint. The mortgage is made a part of the complaint in paragraph 6, and shows, upon its face, that the "Riverside Irrigation Company" was a corporation under the laws of the state of Missouri and the state in which the corporation was incorporated, is disclosed by the contract.

As will be seen from the authorities heretofore cited, the erroneous allegation could have been reached by a plea in abatement and only in that way. The plea in abatement is recognized by our procedure, Code 1915, § 4109, and is the method pointed out by the Code whereby either a plaintiff or defendant may correct such immaterial defects in a proceeding, if it so desires. Having failed to avail itself of this opportunity, the defendant, the "Riverside Irrigation Company," in cause No. 2261, waived any error of the sort complained of.

From the foregoing we are required to hold that, where a defendant corporation is sued upon a contract which

·recites that such corporation is organized under the laws of a given state, and the complaint in such action erroneously alleges that such corporation was organized under the laws of another state, and process is served upon the statutory agent of the corporation, which was a party to the contract, and it appears that such corporation had full notice of the fact that it was the corporation intended to be sued, and judgment by default is rendered against such corporation, it cannot, upon the sole ground that it was erroneously alleged to have been incorporated and organized under the laws of a given state, when in truth and in fact it was organized under the laws of another state, attack such judgment.

·˙ For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

HANNA and PARKER, J.J., concur.

---

[No. 1749, November 16, 1915.]
[On Rehearing, June 27, 1916.]
CLEVELAND et al. v. BATEMAN.

SYLLABUS BY THE COURT.

1. Objections made at the trial to the sufficiency of a pleading must definitely point out the alleged errors, and, when that is not done, the pleading will be liberally construed in order to uphold the judgment.          P. 682

2. Equity has jurisdiction to reform written instruments in but two well-defined cases: (1) Where there is a mutual mistake, that is, where there has been a meeting of minds, an agreement actually entered into, but the instrument in its written form does not express what was really intended by the parties thereto; and (2) where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining parties.          P. 683

·˙˙ 3. Where relief by way of reformation is incidental to the main purpose of a suit, it is not necessary to allege a demand to correct a mistake and a refusal thereof.          P. 685