SOPHIA E. SHANAHAN, APPELLEE, V. FIDELITY-PHENIX INSURANCE COMPANY, APPELLANT.

FILED JUNE 1, 1928. No. 25986.

*Stout, Rose, Wells & Martin* and *Winthrop B. Lane,* for appellant.

*W. F. Moran* and *Edwin Moran, contra.*

Heard before GOSS, C. J.; GOOD, THOMPSON, EBERLY, and HOWELL, JJ., and PROUDFIT and REDICK, District Judges.

REDICK, District Judge.

Action to reform a fire insurance policy and to recover a loss sustained thereunder. The property in question constituted the homestead of Sophia and Robert Shanahan, the title being in Robert. For several years prior to the issuance of the policy, plaintiff was living in the premises and the husband, Robert, was living in Colorado, but in September 1922, he returned to Nebraska City and was living with his wife in the premises at the time of the fire. The policy was issued June 10, 1920, for $2,000, in the name of Robert M. Shanahan, during his absence, and the premium paid by plaintiff.

The original petition by Sophia E. Shanahan against the insurance company and her husband was based upon the proposition that, as plaintiff had paid the premium and the property constituted the homestead of the parties, she was entitled to sue upon the policy. It was alleged in the petition, *inter alia,* that the husband was insolvent and attempting to collect the loss and use it for his own purposes without repairing the building, and an injunction was asked restraining the insurance company from paying the amount of the loss to the husband. The loss was alleged at $700 and judgment asked therefor. The insurance company answered, admitting the issuance of the policy and an adjustment of the loss with the husband at $279.05, offering to pay that amount into court, which was subsequently done, where it still remains. The husband filed no answer, but made default. Plaintiff replied, but it will not be necessary to take special notice thereof. The case was submitted to the jury, who returned a verdict for

the plaintiff for $608.33, on which judgment was rendered. Defendant insurance company appealed, and the judgment was reversed on the ground that, the policy having been issued to Robert M. Shanahan and no reformation thereof having been asked, the plaintiff could not maintain the action. The opinion was by the commission and closed with the following paragraph:

"Now, it appears that the loss has been adjusted between the defendant insurance company and the husband, who was the insured named in the policy, and that the money due under the adjustment is now in court. The husband defaulted in the action, and no doubt, on the record as it stands, the trial court has the authority to order the amount now in court turned over to plaintiff. But the limit of the liability of the insurance company is the sum so paid into court. We recommend that the judgment of the trial court be reversed and the cause remanded for proceedings in harmony with this opinion."

The opinion of the commission was adopted by the court and mandate issued in accordance therewith. Thereupon plaintiff filed in the district court an amended and supplemental petition setting forth the same matters as in the original petition, and in addition alleging that there was a mutual mistake in inserting the name of Robert M. Shanahan in said policy, and that the intention was to insure plaintiff's interest in said property, and asking a reformation and for judgment for $700. A new summons was issued and served upon the insurance company, which filed an answer denying any mutual mistake, alleging that the decision of the supreme court was a final disposition of the case, and that the action for a reformation of the policy was barred by the statute of limitations, and other matters not necessary to be stated. The case was tried to the court and decree rendered finding that a mutual mistake had been made, and that it was the intention of plaintiff to insure her interest in said premises, and decreeing a reformation of the policy and a judgment for plaintiff in the sum of $591.42. The insurance company appealed.

Whether or not, in view of the decision and mandate upon the former appeal, the district court had authority to permit the filing of an amended and supplemental petition, or whether its sole duty was to order the money deposited in court paid over to the plaintiff, is a serious question, but one which we do not deem necessary to decide in view of our holding upon the other question in the case.

The policy was issued June 10, 1920. The amended petition was filed July 23, 1926. The statute of limitations of this state against an action to reform a contract for fraud or mutual mistake is four years from the discovery of the fraud or mistake. Plaintiff's contention that the amended petition merely amplifies the cause of action set forth in the original petition cannot be sustained. The amended petition is upon an entirely different cause, which is barred by the statute. *Clifford v. Thun,* 74 Neb. 831. Plaintiff was aware of all the facts at the time the policy was issued. The evidence is undisputed that the policy was intended to be written in the name of Robert M. Shanahan, that matter having been discussed between plaintiff and the agent of the company, the latter informing the plaintiff that it would have to be so written as the title was in Robert. The plaintiff claims that the agent stated that in case of fire the house would be repaired. Defendant's agent denied this, but admits he may have stated that the house would be repaired or the loss paid at the option of the company, which is in accordance with the policy as issued. The evidence is entirely insufficient to establish any fraud, and the question is immaterial in view of the fact that payment of the loss is secured to plaintiff by the decree upon the former appeal.

As to the amount of the loss, we think the adjustment between the insurance company and Robert M. Shanahan, in the absence of any claim of fraud or mistake, is binding upon the plaintiff. She executed no proofs of loss and made no claim against the insurance company until the bringing of this suit, and we think the decision upon the former appeal is the law of the case on this question. It

further appears that since the loss by fire plaintiff and her husband have been divorced and the real estate in question conveyed to plaintiff. It is therefore proper that the fund in court be paid to plaintiff.

It is therefore ordered that the judgment of the district court be reversed and the cause remanded, with instructions to pay the fund in court to the plaintiff and dismiss the action.

REVERSED.